**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FLAT DOG PRODUCTIONS, Respondent.**

No. 01–70346.

NLRB No. 31–CA–24062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2002.

Decided April 18, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.*

MEMORANDUM **

The National Labor Relations Board petitions for enforcement of its order finding that respondent unlawfully discharged striking employees for engaging in an economic strike. We have jurisdiction under 29 U.S.C. § 160(e) and we GRANT the requested relief.

"We will enforce a decision of the NLRB if 'its findings of fact are supported by substantial evidence and if the Board correctly applied the law....'" *New Breed Leasing Corp. v. NLRB*, 111 F.3d 1460, 1464 (9th Cir.1997) (quoting *Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1005 (9th Cir.1995)).

Respondent Flat Dog Productions, Inc., ("Flat Dog") contends that insufficient evidence supported the Board's finding that Flat Dog discharged striking employees in violation of sections 8(a)(3) and (a)(1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(3) and (a)(1). We disagree. The test for determining whether the workers were discharged "is whether a reasonable employee would have believed he was terminated by the employer's conduct." *NLRB v. Champ Corp.*, 933 F.2d 688, 693 (9th Cir.1990). Orally and in writing, a top management official of Flat

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Dog unambiguously communicated to striking workers that they were discharged – that is, "fired." We have cited with approval the Board's holding that a top management official can be taken at his word when he tells employees they are fired. *See id.* at 692 (citing *Health Enterprises of Am., Inc.,* 273 NLRB 1196, 1204 (1984)). Additionally, workers voted to convert their strike into an unfair labor practices strike after they were discharged, indicating that they believed they had been terminated. That some workers may have thought they could be rehired does not negate the substantial evidence that the workers reasonably believed they had been fired. *See id.* at 693 (holding that the facts that workers presented themselves for reinstatement and that some workers were subsequently reinstated did not alter the fact that the discharge had taken place).

■ Flat Dog also contends that substantial evidence did not support the Board's finding that the workers' strike was converted into an unfair labor practice strike. In *Champ Corp.,* we held "that violations of the National Labor Relations Act which aggravate or prolong an economic strike will convert it to an unfair labor practices strike." *Id.* at 694; *cf. NLRB v. Top Manufacturing Co.,* 594 F.2d 223, 225 (9th Cir.1979) ("A strike begun in support of economic objectives becomes an unfair labor practice strike when the strike is expanded to include a protest over unfair labor practices."). We hold that the NLRB's decision was supported by substantial evidence. Immediately after the discharges, the workers met to discuss the terminations, voted to convert the strike into an unfair labor practices action and changed their picket signs to reflect the changed nature of the strike. Flat Dog argues that the strike was not converted because negotiations between the union and management continued to focus on economic and recognitional issues, rather than the discharges. But the discharges did not have to become "an issue in the negotiations" for conversion to have taken place. *Champ Corp.,* 933 F.2d at 695.

The Board's petition for enforcement of its order therefore is GRANTED.